UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

----------------------------------------------------------X

KIRK OCHOA,

        Plaintiff,

-against-

THERESA FINDLAY KNIGHT,

        Defendant.

**MEMORANDUM AND ORDER**

05-CV-6097 (ERK)

----------------------------------------------------------X

KORMAN, Ch.J.

Plaintiff Kirk Ochoa, an inmate currently incarcerated at Oneida Correctional Facility ("Oneida") and appearing *pro se*, brings this action alleging that on July 23, 2003, he contracted two sexually-transmitted diseases from defendant, a resident of Massapequa, New York. Compl. ¶¶ 1, 3. Plaintiff alleges that after seeing doctors at Oneida on July 20, 2005, he began a "long painful treatment process." Id. Plaintiff requests $1,000,000 in damages. Id., ¶ 4. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) but dismisses the complaint for the reasons set forth below.

Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is 'frivolous' when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141

F.3d 434, 437 (2d Cir. 1998).

Subject Matter Jurisdiction

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented (28 U.S.C. §1331), or plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. §1332). "[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, 30 F.3d 298 (2d Cir. 1994) (quoting Manway Constr. Co. v. Housing Auth. of City of Hartford, 711 F. 2d 501, 503 (2d Cir. 1983)). Moreover, "[w]here jurisdiction is lacking ... dismissal is mandatory." Id.; see Fed. R. Civ. P. 12(h)(3). Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's claim against defendant does not arise under the Constitution, laws or treaties of the United States, and, as such, jurisdiction is lacking under § 1331. Furthermore, as plaintiff and defendant are residents of New York, diversity of citizenship does not exist between the parties, defeating jurisdiction under § 1332. Therefore, the instant complaint must be dismissed for lack of subject matter jurisdiction.

Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R.Civ. P. 12 (h)(3); Rene, 32 F. Supp. 2d at 541-42. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                           s/Edward R. Korman
                                                                           Edward R. Korman
                                                                           United States District Judge

Dated: 1/7/06
        Brooklyn, New York